IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Philadelphia Scientific LLC**<br>207 Progress Drive<br>Montgomeryville, PA 18936,<br><br>Plaintiff,<br><br>v.<br><br>**Battery Watering**<br>    **Systems, LLC**<br>6645 Holder Road<br>Clemmons, NC 27012,<br><br><br>**BFS of the Americas LLC**<br>**aka Battery Filling Systems**<br>    **of the Americas**<br>6645 Holder Road<br>Clemmons, NC 27012, and<br><br><br>**Fourshare, LLC**<br>6645 Holder Road<br>Clemmons, NC 27012,<br><br>                  Defendants. | **CIVIL ACTION NO:**<br><br><br><br>**COMPLAINT FOR PATENT**<br>**INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Philadelphia Scientific LLC ("Philadelphia Scientific") for its complaint against defendants, Battery Watering Systems, LLC ("BWS"), BFS of the Americas LLC ("BFS") and Fourshare, LLC ("Fourshare"), referred to collectively as "Defendants," alleges as follows:

## THE PARTIES

1. Plaintiff Philadelphia Scientific is a limited liability company organized and existing under the laws of the State of Delaware and has a place of business at 207 Progress Drive, Montgomeryville, PA 18936.

2. Upon information and belief, defendant BWS is a limited liability company of the state of North Carolina having its principal place of business at 6645 Holder Road, Clemmons, North Carolina 27012.

3. Upon information and belief, defendant BFS is or was a limited liability company of the state of Delaware having a principal place of business at 6645 Holder Road, Clemmons, North Carolina 27012.

4. Upon information and belief, defendant FourShare is a limited liability company of the state of North Carolina having a principal place of business at 6645 Holder Road, Clemmons, North Carolina 27012.

5. Upon information and belief, Defendants BWS and/or FourShare currently do business as Battery Watering Technologies.

6. Upon information and belief, Defendants BWS, BFS and FourShare currently share and/or have shared and/or use and/or have used a place of business at 6645 Holder Road, Clemmons, North Carolina.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400(b) for at least the reason that, on information and belief, a substantial part of the events giving rise to the claim occurred in this District, and that one or both Defendants have committed acts of infringement and/or contributed to and/or induced acts of infringement in this District.

8. Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants have continuous and systematic purposely directed contacts with the Commonwealth of Pennsylvania, including in this judicial district.

9. Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants have acted, or caused or induced others to act, in a manner that constitutes patent infringement, and these acts include, but are not limited to, the manufacture, use, offer for sale, sale, and/or promotion of certain equipment and methods for monitoring the electrolyte level in batteries, with the knowledge and intent that the equipment would be sold, resold, offered for sale, reoffered for sale, and/or used in the United States, including in the Commonwealth of Pennsylvania and within this judicial district. This equipment includes, but is not necessarily limited to, the battery electrolyte level sensor sold, offered for sale, advertised and marketed under the trade designation i-Lite Sensor.

///

///

## CAUSE OF ACTION

10.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 9 above as though fully set forth herein.

11.     Plaintiff is engaged in the business of conceiving of, developing, designing, patenting, licensing, manufacturing, selling and/or offering for sale products and services related to the use, installation and/or maintenance of batteries, and to products and services ancillary to the use, installation and/or maintenance of batteries, including innovative new devices, systems and methods for monitoring the electrolyte level in batteries.

12.     U.S. Patent No. 5,936,382 (the "'382 patent") entitled "Battery Electrolyte Level Monitor," was duly and legally issued on August 10, 1999, and is now and at all times has been in full force and effect. A copy of the '382 patent is attached as Exhibit A.

13.     U.S. Patent No. 7,812,613 (the "'613 patent") entitled "System and Method for Monitoring Electrolyte Levels in a Battery," was duly and legally issued on October 12, 2010, and is now and at all times has been in full force and effect. A copy of the '613 patent is attached as Exhibit B.

14.     U.S. Patent No. 8,330,467 (the "'467 patent") entitled "System and Method for Monitoring Electrolyte Levels in a Battery," was duly and legally issued on December 11, 2012, and is now and has at all times been in full force and effect. A copy of the '467 patent is attached as Exhibit C. The '467 patent issued from U.S. Application No. 12/876,771 which was published as U.S. Application Publication 2011/0135974 on June 9, 2011 (the "'974 Published

Application"). A copy of the '974 Published Application is attached as Exhibit D. The claims in the '467 patent are substantially identical to the claims in the '974 Published Application.

15. Plaintiff is now and at all relevant times has been the owner of the entire right, title and interest in and to each of the '382 patent, the '613 patent and the '467 patent.

16. Upon information and belief, each of the Defendants has been involved in at least one of manufacturing, using, offering for sale, selling, and/or importing devices and equipment and have been involved in methods of using such equipment that is within the scope of one or more of the claims of each of the '382 patent, the '613 patent and the '467 patent, including but not limited to the i-Lite Sensor (collectively, the "Infringing Products") in or into one or more states in the United States, including the Commonwealth of Pennsylvania and this Judicial District.

17. Upon information and belief, the Infringing Products have no substantial non-infringing uses, and were designed and intended for use in a manner that constitutes an infringement of each of the '382 patent, the '613 patent and the '467 patent.

18. Upon information and belief, Defendants provide instructions to their customers to use the Infringing Products in a manner that infringes the '467 patent. Therefore, those customers directly infringe the '467 patent and are doing so upon the direction and guidance of the Defendants.

### Infringement of the '382 Patent

19. This is a claim for patent infringement under 35 U.S.C. §§271 and 281.

20. Philadelphia Scientific hereby repeats, realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

21.     Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants through their agents, employees and servants, have infringed and/or contributed to infringement and/or induced others to infringe, and continue to infringe at least claims 1 and 4 of the '382 patent, in violation of 35 U.S.C. §§ 271(a), 271(b), 271(c) and/or 271(f). These acts were not and are not authorized by Philadelphia Scientific.

22.     Defendants have received actual notice and/or constructive notice of the '382 patent, including at least as a result of receiving a letter dated November 21, 2012, sent on behalf of Plaintiff and providing a copy therewith of the '382 patent, and, notwithstanding this notice, Defendants have continued to engage in acts constituting infringement of the '382 patent.

23.     Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants have derived, received and will continue to derive and receive gains, profits and advantages in amounts not presently known by Philadelphia Scientific with certainty, from their acts of infringement of the '382 patent.

24.     Philadelphia Scientific is informed and believes, and thereon alleges, that such infringement has been and continues to be intentional, knowing, willful and deliberate, with full knowledge of Philadelphia Scientific's rights in the '382 patent.

25.     Due to the acts of infringement by Defendants, Philadelphia Scientific has suffered great, imminent and irreparable injury and harm unless enjoined by the Court from further acts of infringement of the '382 patent.

### Infringement of the '613 Patent

26.     This is a claim for patent infringement under 35 U.S.C. §§271 and 281.

27. Philadelphia Scientific hereby repeats, realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

28. Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants through their agents, employees and servants, have infringed and/or contributed to infringement and/or induced others to infringe, and continue to infringe at least claims 1, 16 and 17 of the '613 patent, in violation of 35 U.S.C. §§ 271(a), 271(b), 271(c) and/or 271(f). These acts were not and are not authorized by Philadelphia Scientific.

29. Defendants have received actual notice and/or constructive notice of the '613 patent, including at least as a result of receiving a letter dated November 21, 2012 sent on behalf of Plaintiff and providing a copy therewith of the '613 patent, and, notwithstanding this notice, Defendants have continued to engage in acts constituting infringement of the '613 patent.

30. Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants have derived, received and will continue to derive and receive gains, profits and advantages in amounts not presently known by Philadelphia Scientific with certainty, from their acts of infringement of the '613 patent.

31. Philadelphia Scientific is informed and believes, and thereon alleges, that such infringement has been and continues to be intentional, knowing, willful and deliberate, with full knowledge of Philadelphia Scientific's rights in the '613 patent.

32. Due to the acts of infringement by Defendants, Philadelphia Scientific has suffered great, imminent and irreparable injury and harm unless enjoined by the Court from further acts of infringement of the '613 patent.

## Infringement of the '467 Patent

33. This is a claim for patent infringement under 35 U.S.C. §§271 and 281.

34. Philadelphia Scientific hereby repeats, realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

35. Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants through their agents, employees and servants, have infringed and/or contributed to infringement and/or induced others to infringe, and continue to infringe at least claim 1 of the '476 patent, claim 14 of the '974 Published Application, in violation of 35 U.S.C. §§ 271(a), 271(b), 271(c) and/or 271(f). These acts were not and are not authorized by Philadelphia Scientific.

36. Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants through their agents, employees and servants, have infringed and/or contributed to infringement and/or induced others to infringe Philadelphia Scientific's provisional rights in the '467 patent under 35 U.S.C. § 154(d). These acts were not and are not authorized by Philadelphia Scientific.

37. Defendants have received actual notice and/or constructive notice of the '476 patent and the '974 Published Application, including at least as a result of receiving letters dated November 21, 2012 and December 17, 2012 sent on behalf of Plaintiff and providing a copy therewith of the '974 Published Application, and notwithstanding these notices, Defendants have continued to engage in acts constituting infringement of the '476 patent.

38. Philadelphia Scientific is informed and believes, and thereon alleges, that Defendants have derived, received and will continue to derive and receive gains, profits and

- 8 -

advantages in amounts not presently known by Philadelphia Scientific with certainty, from their acts of infringement of the '476 patent.

39. Philadelphia Scientific is informed and believes, and thereon alleges, that such infringement has been and continues to be intentional, knowing, willful and deliberate, with full knowledge of Philadelphia Scientific's rights in the '476 patent.

40. Due to the acts of infringement by Defendants, Philadelphia Scientific has suffered great, imminent and irreparable injury and harm unless enjoined by the Court from further acts of infringement of the '476 patent.

**WHEREFORE**, Philadelphia Scientific prays for relief as follows:

A. that each of BWS, BFS and FourShare be adjudged to have infringed each of the '382, '613 and '476 patents;

B. that each of BWS, BFS and FourShare be adjudged to have willfully and deliberately infringed each of the '382, '613 and '476 patents;

C. that each of BWS, BFS and FourShare, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order, be preliminarily and permanently restrained from infringing each of the '382, '613 and '476 patents;

D. that of BWS, BFS and FourShare, each account for damages to Philadelphia Scientific for its infringement of each of the '382, '613 and '476 patents;

  E. that a judgment be entered against each of BWS, BFS and FourShare awarding Philadelphia Scientific all damages to which it is entitled under 35 U.S.C.§154(d) and 35 U.S.C. § 284, including increased damages for defendant's willful infringement;

  F. that the damages in this judgment be trebled for the willful and deliberate infringement of each of the '382, '613 and '476 patents by each of BWS, BFS and FourShare;

  G. that an assessment be awarded to Philadelphia Scientific of interest on the damages so computed;

  H. that the Court award Philadelphia Scientific to its reasonable attorneys fees and costs pursuant to 35 U.S.C. 285; and

  I. that Philadelphia Scientific receive such other and further relief as the Court may deem just and proper.

### Jury Demand

Philadelphia Scientific demands a trial by jury on all issues so triable.

Respectfully Submitted,

FOX ROTHSCHILD LLP

Date: January 11, 2013

By: _____
Joseph F. Posillico
Gary A. Hecht
Frank T. Carroll
Seth A. Kramer
2000 Market Street, 20th Floor
Philadelphia, PA 19103
jposillico@foxrothschild.com
ghecht@foxrothschild.com
fcarroll@foxrothschild.com

skramer@foxrothschild.com
Phone: (215) 299-2000
Facsimile: (215) 299-2150

*Attorneys for Plaintiff*
*Philadelphia Scientific LLC*